# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00113-MR
# [CRIMINAL CASE NO. 1:07-cr-00033-MR-DLH-3]

| | |
|---|---|
| JEANNIE LARGENT COSBY, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. [Doc. 1]. For the reasons that follow, Petitioner's § 2255 motion will be dismissed as successive.

## I. BACKGROUND

On June 13, 2007, Petitioner pleaded guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Petitioner was sentenced to a term of 168-months' imprisonment in November 2007. She did not file a direct appeal.

On April 8, 2014, the Clerk docketed Petitioner's first § 2255 motion to vacate in which Petitioner argued that she was entitled to relief based on the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). In Simmons, the Court held that in order for a prior conviction to serve as a predicate felony for purposes of a sentencing enhancement, the defendant before the sentencing court must have been subject to a sentence in excess of one year in prison. Petitioner argued that after Simmons she no longer had the predicate number of felonies to qualify for a sentencing enhancement.

In rejecting this argument, the Court noted first that Petitioner's motion was untimely as it was filed more than one year after her judgment became final. The Court also noted that Petitioner had four qualifying felony convictions under North Carolina law — even after Simmons — and thus any challenge to her career offender designation or a sentencing enhancement pursuant to 21 U.S.C. § 851 was clearly meritless. The Court therefore dismissed Petitioner's § 2255 motion. See Cosby v. United States, No. 1:14-cv-00086-MR (W.D.N.C. Feb. 19, 2015). Petitioner did not appeal.

In the present motion to vacate, Petitioner argues that she should be re-sentenced because she completed a 40-hour drug treatment program; that she is entitled to relief based on a change in the Sentencing Guidelines; that

2

her cooperation with the Government merits sentencing relief; and that she is entitled to relief based on the Fair Sentencing Act of 2010. [Doc. 1].

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain —

> (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

As noted, Petitioner already filed an unsuccessful § 2255 motion and she has provided no evidence that she has obtained the necessary authorization from the Court of Appeals to file a successive petition. Accordingly, the Court finds that it is without jurisdiction to consider the merits of the present Section 2255 motion and it will be dismissed. See, e.g, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (2003).

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness

of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion is **DISMISSED WITHOUT PREJUDICE** as successive [Doc. 1].

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk is respectfully directed to close this case.

**IT IS SO ORDERED**.

Signed: May 5, 2016

Martin Reidinger
United States District Judge